DAVIS, Circuit Judge,
concurring:
I join Judge Niemeyer’s well-reasoned opinion in full and write briefly to offer these observations. The majority opinion shows with perfect clarity why the authori *340 ties relied on by the dissent cannot do the work assigned them in this case. See Maj. Op. nn. 1 and 2. The plain fact is that the district court and this court lack jurisdiction over this action under 28 U.S.C. § 2254(a).
What is surely equally certain is that when Congress enacted and the President signed the bill in which § 2254(a) is now codified, modern violent sex offender statutes were not remotely within anyone’s contemplation. The requirements these statutes impose are sui generis. But viewed pragmatically, as they should be, the requirements operate de facto as probationary terms, the violation of which are expected to lead to the imposition, upon conviction, of custodial sentences.* Indeed, in federal court, judges routinely impose sex offender registration requirements at sentencing as a mandatory condition of supervised release. See 18 U.S.C. § 3583(d) (“The court shall order, as an explicit condition of supervised release for a person required to register under the Sex Offender Registration and Notification Act, that the person comply with the requirements of that Act.”); U.S.S.G. § 5D1.3(a)(7) (requiring registration for persons convicted of sexual offenses as a mandatory condition of supervised release). Neither the formalism of the extant legal arrangement crafted in the modern state statutes, nor resort to abstractions such as “collateral consequences,” obscures this reality.
Wilson has alleged compelling claims that significant legal burdens and disabilities imposed on him are wholly unjustified by any legitimate governmental interest; morally and legally, he is clearly entitled, in my judgment, to a judicial forum to test the accuracy of his claims. If, as the dissent posits, Virginia law would foreclose access to such a judicial forum under co-ram nobis or some other extraordinary procedure, I believe a due process claim under 42 U.S.C. § 1983 would raise grave issues of profound moment deserving of serious judicial examination. All that said, however, I am constrained to agree that within the unmistakable confines of the Supreme Court’s controlling precedents in its interpretation of Congress’s grant of subject matter jurisdiction in cases of this type, the district court lacks the power to adjudicate Wilson’s claims.

Cf. Smith v. Doe, 538 U.S. 84, 115-16, 123 S.Ct 1140, 155 L.Ed.2d 164 (2003) (Ginsburg, J., dissenting) (“Furthermore, the [Alaska Sex Offender Registration] Act's requirements resemble historically common forms of punishment.... Its registration and reporting provisions are comparable to conditions of supervised release or parole; its public notification regimen, which permits placement of the registrant's face on a webpage under the label 'Registered Sex Offender,' calls to mind shaming punishments once used to mark an offender as someone to be shunned." (citation omitted)).